**ERIC BJORGUM (State Bar No. 198392)**
Eric.bjorgum@kb-ip.com
KARISH & BJORGUM PC
119 E. Union Street, Suite B
Pasadena, CA 91103
Telephone:   (213) 785-8070
Facsimile:   (213) 955-5010

Attorneys for Plaintiffs, Agustin Ramirez, Anthony Ramirez
and Agustin Ramirez, Jr.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| AGUSTIN RAMIREZ, ANTHONY RAMIREZ and AGUSTIN RAMIREZ, JR.<br><br>Plaintiffs,<br><br>vs.<br><br>TICKETÓN ENTERTAINMENT, L.P.; LEONARDO'S HUNTINGTON PARK; BOLETOSEXPRESS.COM; TICKERI, INC.; MISBOLETOS ONLINE; EVENTBRITE, INC.; BANDSINTOWN GROUP, INC.; SK ACQUISITION LTD.; CASA LOPEZ BANQUET HALL; LA SIERRA NIGHT CLUB; CASA TEQUILA NIGHT CLUB; SILVERADO NIGHT CLUB; STAMPEDE NIGHT CLUB; ROCCAPULCO; EL CENTENARIO V.I.P. NIGHT CLUB; LOS CAMINANTES HN; EL PATRON RESTAURANT; LA SENSACIÓN; CABALLEROS DE COLON; MIDNITE RODEO; and DOES 1 – 20, inclusive, Defendants. | Case No.  2:22-cv-3926<br><br>**COMPLAINT FOR:**<br>**1.   TRADEMARK COUNTERFEITING**<br>**2.   INFRINGEMENT OF A REGISTERED MARK**<br>**3.   VIOLATION OF THE TRUTH IN MUSIC ADVERTISING ACT**<br>**4.   FALSE DESIGATNION OF ORIGIN AND FALSE ADVERTISING, 17 U.S.C. § 1125(a)**<br>**5.   TRADEMARK DILUTION**<br>**6.   INTERFRENCE WITH PROPSECIVE ECONOMIC ADVANTAGE**<br>**7.   VILATION OF CAL. BUS. & PROF. CODE SECTION 17200**<br>**8.   VIOLATION OF COMMON LAW RIGHT OF PUBLICITY**<br>**9.   VIOLATION OF CAL. CIVIL CODE SECTION 3344**<br>**10. CONTRIBUTORY TRADEMARK INFRINGEMENT**<br><br>**JURY TRIAL REQUESTED** |

**INTRODUCTION**

1.        This case is brought to stop – once and for all -- the destruction of Plaintiffs' band trademark, LOS CAMINANTES.  Plaintiff Agustin Ramirez, Sr. ("Agustin, Sr.") has been the leader of famed Latin group Los Caminantes for over 40 years.  His sons and co-Plaintiffs Agustin Ramirez, Jr. ("Agustin, Jr.") and Anthony Ramirez ("Anthony") have been performing members of the band for over a decade.  Jointly, they have all held a registered trademark in LOS CAMINANTES for live musical performances for nine years, and Agustin, Sr. held registered or common law rights for decades prior.

2.        In the last few years, Agustin, Sr.'s life's work and music have been under assault by infringers who include ex-band members, their offspring and third parties.  Plaintiffs have filed multiple federal lawsuits and obtained injunctions, but, following the death of Plaintiffs' long-time trademark attorney, the infringement by rogue live bands has escalated.  With their current attorney, Plaintiffs currently have two more cases pending in this District and have engaged in enforcement proceedings against others, but the infringement continues.

3.        It is time for this to stop.  The Defendants here are all on notice of the disputes surrounding LOS CAMINANTES, yet they continue to chip away at the name in a manner that appears to be coordinated around the country with different infringing groups taking different territories and working across state lines.

**JURISDICTION AND VENUE**

4.        Plaintiffs here are members of the famous Latin-American band Los Caminantes and own the trademark in LOS CAMINANTES (U.S. Reg. No. 4,410,019) for live performances by a musical group.  The band has been working since the early 1980s, and Plaintiff Agustin Ramirez has been involved in multiple lawsuits regarding misuse of the band name.  A copy of the registration is attached as Exhibit A.

5.     These claims arise under the laws of the United States, particularly under the Lanham Act, as amended, 15 U.S.C. § 1051 *et seq.*, Cal. Bus. & Prof. Code § 17200 and California statutory and common law. Jurisdiction is proper under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1138(a). Jurisdiction is also proper pursuant to the Court's supplemental jurisdiction as provided in 28 U.S.C. § 1367.

6.     This Court has specific personal jurisdiction over all of the defendants as each has purposefully committed, within the state, the acts from which these claims arise and/or has committed tortious acts outside California, knowing and intending that such acts would cause injury within the state.  On information and belief, Defendants outside the state were on notice of Plaintiffs' rights and intentionally violated those rights by using Plaintiffs' image(s), voice, trademark, songs and/or sound recordings to harm residents of this District.

7.     Venue is proper in the United States District Court for the Central District pursuant to 28 U.S. C. §§ 1391(b) and 1391(c) in that several defendants reside in this District and transact affairs in this District and because a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

## THE PARTIES

8.     Plaintiff Agustin Ramirez, Sr. is a U.S. citizen and resident of California.

9.     Plaintiff Anthony Ramirez is a U.S. citizen and resident of California.

10.    Plaintiff Agustin Ramirez, Jr. is a U.S. citizen and resident of California.  Agustin Ramirez, Sr., Anthony Ramirez and Agustin Ramirez, Jr. are joint owners of the U.S. Trademark Registration No. 4,410,019 for LOS CAMINANTES in connection with "Entertainment in the nature of live performances by a musical group" in International Class 41, which has been renewed and is currently subsisting (the "'019 Registration" or "Mark").  (A true

and correct copy of the '019 Registration and accepted renewal are attached hereto as Exhibit A.)

11.     Plaintiffs allege on information and belief that defendant Ticketón Entertainment, L.P. ("Ticketón") is a California limited partnership having a place of business at 5757 Wilshire Blvd., Ste. 473, Los Angeles, California 90036. Ticketón has been informed of Plaintiffs' rights but continues to sell tickets to infringing concerts and display the LOS CAMINANTES mark on its webpage. (For example,see Exhibit E attached hereto, at AR000025 – 26.)

12.     Plaintiffs allege on information and belief that defendant Leonardo's Huntington Park ("Leonardo's) is a business of unknown form having a place of business at 6616 Wilson Ave., Huntington Park, California.  Leonardo's has booked both the genuine Los Caminantes and infringing versions of the band and is well aware of Plaintiffs' rights. (Exhibit E at AR000033 - 34.)

13.     Plaintiffs allege on information and belief that Defendant BoletosExpress.com is a ticketing agency based in New York, New York. (BoletosExpress.com's uses of the Mark are attached at AR000030 – 32.)

14.     Plaintiffs allege on information and belief that Defendant Tickeri, Inc. is a Delaware corporation registered with the Secretary of State of California. (Tickeri, Inc.'s uses of the Mark can be seen at AR00040 – 41.)

15.     Plaintiffs allege on information and belief that MisBoletosOnline is a ticketing agency located in Tampa, Florida. An example of MisBoletosOnline's misuse of the Mark can be seen at AR00035.

16.     Plaintiffs allege on information and belief that Eventbrite, Inc. ("Eventbrite") is a Delaware corporation with its principal place of business in San Francisco, California. An example of Eventbrite's misuse of the Mark can be seen at AR00036.

17.     Plaintiffs allege on information and belief Bandsintown Group, Inc. ("Bandsintown") is a Delaware corporation with its principal place of business in New York, New York.  Bandsintown claims to be the "#1 Concert Discovery Platform - Used by 70M concert-goers" and actively promotes concerts in this District.   An example of Eventbrite's misuse of the Mark can be seen at AR00037 – 38.

18.     Plaintiffs allege on information and belief that SK Acquisition Ltd. dba Songkick ("Songkick") is based in the United Kingdom and owned by Warner Music Group Corp., a Delaware corporation with its principal place of business in New York and a corporate presence in this District. An example of Songkick's misuse of the Mark can be seen at AR00039.  Songkick has also used Plaintiffs' images without permission.

19.     Plaintiffs allege on information and belief that defendant Casa López Banquet Hall is a business of unknown form having a place of business in Oxnard, California.  Plaintiffs' band has played there.  On information and belief, Casa Tequila is aware of Plaintiffs' trademark rights.

20.     La Sierra Night Club is a California business of unknown form having a place of business at Panorama City, California. On information and belief, La Sierra Night Club is aware of Plaintiffs' trademark rights.

21.     Casa Tequila Night Club is a California business of unknown form with its principal place of business in Canoga Park, California.  Plaintiffs' band has played there.  On information and belief, Casa Tequila is aware of Plaintiffs' trademark rights.

22.     Defendant Silverado Nightclub is a nightclub based in Phoenix, Arizona that has hosted multiple events wrongfully using Plaintiffs' trademark, as well as using Plaintiff Agustin, Sr.'s voice and image to promote illegal concerts. An example of Silverado Nightclub's misuse of Agustin Ramirez's image can be at

AR000027.  The video with his voice will be made available in discovery.

23.     Defendant Stampede Night Club is in Aurora, Colorado and has hosted multiple bands that misuse the LOS CAMINANTES trademark, despite warnings by Plaintiffs' counsel.  example of Silverado Nightclub's misuse of Agustin Ramirez's image can be at AR000028.

24.     Defendant Roccapulco is a night club based in San Francisco, California.  It has allowed infringing groups to play and has displayed Plaintiffs' trademark without permission, as can be seen at AR00049 – 50, attached hereto as Exhibit E.

25.     Defendant El Centenario V.I.P Night Club is a night club located in Gilroy, California which has routinely let different bands play under the LOS CAMINANTES mark.  Examples of different uses of LOS CAMINATES by El Centenario V.I.P. Night Club can be seen at AR00042 – 44.

26.     Defendant El Patron Restaurant and Bar is a night club based in Atlantic City, New Jersey that has hosted concerts by Vicente Ramirez, who is a resident of California and is performing in violation of an injunction from this District against using the name "LOS CAMINANATES." He routinely opens his concerts with a pre-arranged medley of Plaintiff's Agustin, Sr.'s music and recordings. An advertisement for Ramirez's band playing as "Los Andantes Caminantes" at El Patron Restaurant can be seen attached hereto at page AR00046 of Exhibit E.

27.     Defendant Los Caminantes HN is a band that has performed and recorded music using trademarks that are confusingly similar to Plaintiffs'.  On information and belief, the members of Los Caminantes HN change periodically, especially for live performances.  At present, on information and belief, the current members of Los Caminantes HN are: Martin Navarro, Walter Escobar and Jesus Baraja.

28.     Defendant La Sensación  is a business of unknown form operating in Norristown, Pennsylvania.  It has booked bands wrongfully using the LOS CAMINANTES mark and, on information and belief, has used recordings of Plaintiffs' music to promote those shows.  Examples of different advertisement for La Sensación are attached hereto as Exhibit E at AR00045 – 46.

29.     Defendant Midnite Rodeo is a business of unknown form operating in Charlotte, North Carolina.  It has booked bands wrongfully using the LOS CAMINANTES mark and, on information and belief, has used recordings of Plaintiffs' music to promote those shows.

30.     Defendant Caballeros De Colon is a business of unknown form operating in Union City, New Jersey.  It has booked bands wrongfully using the LOS CAMINANTES mark and, on information and belief, has used recordings of Plaintiffs' music to promote those shows.

31.     The true names and capacities, whether individual, corporate or otherwise, of the defendants named herein as Does 1 through 50, inclusive, are presently unknown to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will seek to amend this complaint to allege the true names and capacities of said defendants when he has ascertained such information. Plaintiffs are informed and believe that each defendant named herein as Does 1 through 10 has participated in some or all of the acts or conduct alleged in this Complaint and is liable to Plaintiffs by reason thereof.

32.     Plaintiffs are informed and believe that defendants DOES 1-20 are musicians, agents, and/or others in the entertainment industry engaging in acts infringing upon and diluting plaintiffs' marks in cooperation with or at the direction of  each other to perform the services which infringe upon and dilute plaintiff's mark, as alleged below.

**THE LOS CAMINANTES NAME AND MARK**

33.     In the mid-1970's, Plaintiff Agustin Ramirez founded the musical group "Los Caminantes Aztecas" ("The Aztec Walkers") in the city of Bloomington, California.  In or about 1982 the band became simply "Los Caminantes."  The initial members of the group were plaintiff Agustin Ramirez and his brothers Brigido Ramirez, Horacio Ramirez and Bernardo Ramirez. From the inception of the group, plaintiff Agustin Ramirez has been the lead vocalist of the group.

34.     During the 1980s and 1990s, Los Caminantes recorded approximately 26 albums for Luna Records/Luna Music, with plaintiff Agustin Ramirez as lead vocalist. Los Caminantes toured extensively throughout the United States and Mexico, performing in dances, concerts and massive outdoor events.

35.     Later, Martin Ramirez died in an auto accident and Brigido and Horacio Ramirez each withdrew from the group. Brigido released his rights in Los Caminantes in January, 1991. On July 20, 1996, Horacio Ramirez signed away his interest of Los Caminantes.  At the close of 1996, the only remaining partners of the Los Caminantes musical group were plaintiff Agustin Ramirez and drummer Humberto Navarro.

36.     As can be seen by the sampling of album covers by Los Caminantes attached hereto as Exhibit C, for decades the group has used a consistent font, often in yellow or gold, to identify its music.  The album covers almost all feature a photograph of Agustin Ramirez, Sr.

37.     Luna Records/Luna Music obtained U.S. Trademark Reg. No. 1,813,538 in 1993 for LOS CAMINANTES in International Class 009 for a "series of phonograph records, pre-recorded audio cassette tapes and pre-recorded compact discs, all featuring music," Ser. No. 74/372907. The registration was cancelled in October 2004.

38.     In 2005, the attorney for Plaintiff Agustin Ramirez, Sr. and Humberto

Navarro filed for registration of the trademark LOS CAMINANTES in the name of "Los Caminantes Partnership, composed of Humberto Navarro and Agustin Ramirez." This registration issued on August 15, 2006 as Registration No. 3,129,214. That registration expired on or about February 15, 2012.

39.    In 2010, Plaintiff Agustin Ramirez, Jr. began playing guitar with Los Caminantes. Plaintiff Anthony Ramirez began playing drums with Los Caminantes in 2011.

40.    Drummer Humberto Navarro passed away in 2011. On information and belief, he and Agustin, Sr. were the only partners in the Los Caminantes partnership. Following Humberto's death, the partnership ceased immediately under California law.

41.    On October 30, 2012, Plaintiffs filed an application to register LOS CAMINANTES, which application issued to the '019 Registration on October 1, 2013 (Exhibit A.) Plaintiffs here kept playing live. Examples of legitimate LOS CAMINANTES concert posters are and advertisements are attached hereto as Exhibit D.

42.    Humberto Navarro's son Martin Navarro began his own band in September, 2011. He later formed a corporation called "Los Caminantes Inc." and filed U.S. Trademark App. Ser. No. 85829084 for LOS CAMINANTES INC. On May 6, 2013 that Application was suspended because of Plaintiffs' pending application (above). The Los Caminantes Inc. application was later abandoned.

43.    On August 30, 2016, Martin Navarro filed U.S. Trademark App. No. 87156115 for "Los Caminantes H.N." (See Exhibit B hereto.) The requested mark appeared thus:

44.    That application was rejected because of likely confusion with Plaintiffs' registration.  It was abandoned on July 8, 2017

45.    On July 6, 2018, Martin Navarro filed a trademark application for "Los Caminantes H.N".  That application was given Ser. No. 88/028681.  It also received an Office Action, finding confusion with Plaintiffs' LOS CAMINANTES registration. (See Exhibit B.)  It was abandoned on July 7, 2019.

46.    On the copyright side of his legacy, Agustin Ramirez, Sr. has also been the victim of rampant identity theft and conversion of royalties.  A recent investigation of a crime ring by the U.S. Attorney for the District of Arizona determined that a ring of imposters had stolen over $20 million in streaming revenues from Latin groups, and Los Caminantes was one of the largest victims. *See* "Federal Indictment Alleges "YouTube Thieves" Scammed Music Artists Out of More Than $20 Million," Phoenix New Times, < https://www.phoenixnewtimes.com/news/feds-bust-phoenix-man-in-20-million-youtube-royalties-scam-12663309>  ("[Defendants] claimed ownership over songs like "La Quise Tanto" by Los Caminantes (for which they received over $30,000 in royalties)").

**The Subsequent Litigations**

47.    Multiple litigations have occurred following the death of Humberto Navarro. As noted, Humberto Navarro's son Martin Navarro began playing with a

9

pirate band soon after his father's death, and, on September 27, 2011, Plaintiffs here filed suit against Martin Navarro for federal trademark infringement, unfair competition and related claims.  Navarro answered and counterclaimed. The parties later dismissed all claims without prejudice soon thereafter, ostensibly because Judge Real set trial so early that the parties could not prepare.

48.      In 2013, Plaintiffs filed suit against former Los Caminantes  member Mario Sotelo, *Agustin Ramirez, Anthony Ramirez, Agustin Ramirez, Jr. v. Mario Sotelo,* USDC Cent. Dist. Cal., Case No. 5:13-cv-002155-SJO (MRO).  In that case, the District Court entered an injunction against Sotelo's use of the mark LOS CAMINANTES.  On December 5, 2014, the Ninth Circuit upheld that ruling in Case. No. 14-55571.

49.      In 2017, Plaintiffs filed suit against Vicente Martinez, a singer who began singing in Martin Navarro's version of Los Caminantes.  Plaintiffs filed against him and Juan Manuel Navarro ("JM Navarro"), a promoter.  That case was styled *Agustin Ramirez, Anthony Ramirez and Agustin Ramirez, Jr. v. Vicente Martinez and Juan Manuel Navarro,* U.S. Dist. Court, Cent. Dist. of Cal., Case No. 5:2017-cv-0221-FMO (GJSx).

50.      Following a Motion for Default Judgment and Motion for Summary Judgment, Judge Olguin on August 19, 2019 entered a Judgment on behalf of Plaintiffs, ordering that Navarro pay $77,654.00 in damages and fees and enjoining Navarro from: "using the LOS CAMINANTES mark or trade name alone or in combination with any other word or symbols. . . which would be likely to cause confusion, deception of mistake, or [in advertising."  Navarro was also enjoined from contacting promoters for the purpose of offering the services of Los Caminantes and using any mark or business identifying, or "acting in any fashion" that would represent that he is providing goods and services that are authorized by Los Caminantes.

51.    In early 2020, Plaintiffs' longtime attorney Steve Eyre suddenly passed away.  Plaintiffs were left with no representation, and, coincidentally, Agustin, Sr.'s health began to suffer.   Wrongful use of LOS CAMINANTES for live musical performances quickly compounded.  Attached hereto as Exhibit E are multiple examples of wrongful uses of LOS CAMINANTES around the United States. Plaintiffs' present counsel was retained in late September, 2020.

52.    Plaintiffs' present counsel soon sent out multiple letters to nightclubs that were wrongfully using the LOS CAMINANTES mark. The origins of the wrongful uses appeared to be Mario Sotelo (performing mainly in the Southeast), Vicente Martinez (performing in the Northeast and Texas) and Martin Navarro (performing nearly everywhere in the United States).  Sotelo and Martinez already had injunctions against them, so Navarro was sued after none of the clubs responded to cease and desist letter. In November, 2020, Plaintiffs filed *Agustin Ramirez et al. v. Martin Navarro et al.*, Case No. 5:20-cv-2408-FLA-SP.  That case has proceeded through discovery and summary judgment will be heard on July 15, 2022.

53.    Because the lawsuit against Martin Navarro was not slowing down the infringement, Plaintiff filed another suit against certain venues and promoters, after first sending out another round of cease and desist letters that went unanswered. That suit is *Agustin Ramirez et al. v. Martin Navarro et al.*, Case No. 2:21−cv−04732 ODW (GJSx). Plaintiffs asked that the two cases be related, but the request was denied.  Juan Manuel Navarro answered, but the remaining Defendants were either defaulted or dismissed.

## Defendants' Wrongful Acts

54.    In this case, Plaintiff brings suit against clubs, ticket agencies, advertisers and the band "Los Caminantes HN" who all continue to infringe the LOS CAMINANTES trademarks. Examples of this infringement are seen in Exhibit E hereto.  Several of these Defendants have been contacted by either Plaintiffs'

1  counsel or their manager Hector Arambula.  On information and belief, the

2  infringement of the LOS CAMINANTES mark is now well known in the industry

3  and rises to the level of counterfeiting or willful infringement of a registered mark.

4  As would be expected, even when bands use slightly different marks like "Los

5  Andantes Caminantes" or "Los Caminantes HN", third parties continue to use "Los

6  Caminantes."

7      55.      For example, Defendant Ticketón Entertainment's website recently

8  promoted a concert on June 10, 2022 at the nightclub of Defendant Roccapulco:



Detail shows blatant infringement and counterfeiting of the LOS

CAMINANTES mark:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**TALENT**

Grupo Rana

Fm de Zacapa La Reunion / Los
Caminantes / Miramar / Sonora de Colombia

56.     Similar infringements or counterfeiting exist for other Defendants.  For
instance, Tickeri.com, a ticket broker in North Carolina shows the following for
searches of "CAMINANTES":



Another example is Eventbrite (New York):



Songkick, based in San Francisco, is promoting a pirate band using Plaintiffs' images:

57.      Notably, **none** of the events showing in Paragraphs 53 – 54 are for Plaintiffs' group.

58.     Further, several Defendants have used photographs of Plaintiffs or original music by performed by Plaintiffs as an enticement to bring patrons in to see illegal groups.

59.     All of the Defendants here know or should have known that any band purporting to be LOS CAMINANTES that does not include Agustin Ramirez, Sr. or his sons is not the actual Los Caminantes.  Prior to 2020, Plaintiffs filed three federal lawsuits and obtained injunctions and default judgments against individuals who are well-known in this area of commerce.  For instance, Plaintiffs have a default judgment and injunction against JM Navarro, enjoining JM Navarro for using the LOS CAMINANTES name in any manner.  Martin Navarro, of LOS CAMINANTES HN, testified recently in deposition that he was socializing with JM Navarro at a recent LOS CAMINANTES concert in Colorado that was part of a package tour organize by JM Navarro, clearly in violation of the injunction.  Martin Navarro also said he spoke with Mario Sotelo (who also has an injunction against him) around New Years Eve, 2022.

60.     Further, on information and belief, after Plaintiffs' counsel wrote to Ticketon to demand they stop infringing, JM Navarro boasted that it was "too late" because he had already received $30,000 in payments for the package tour.

61.     Confusion has been further heighted by the fact that LOS CAMINANTES HN has re-released recordings under that name, which is a trademark that is confusingly similar to LOS CAMINANTES. Examples of these recordings are seen in Exhibit E hereto at AR00047 – 49.

62.     Plaintiffs have been severely damaged by the acts of Defendants.  The price they can charge per concert had decreased by at least $3,000 per concert. Plaintiffs have also expended resources posting corrective advertising videos and have recorded live performances to post and ensure that their brand remains active. See: https://www.loscaminantesmusica.com/social-media.

# FIRST CLAIM FOR RELIEF

## (Federal Counterfeiting – 15 U.S.C. § 1114)

63.     Plaintiffs reallege and incorporate into this claim the allegations in Paragraphs 1 – 62, above.

64.     Plaintiffs own a registered mark in LOS CAMINANTES, and the registration remains active. (Exh. A.)

65.     All Defendants in this matter are using LOS CAMINANTES to promote performances of a musical band.  The mark used by the counterfeit defendants is identical or virtually identical to LOS CAMINANTES, as shown in Exhibit E hereto.

66.     On information and belief, the counterfeit Defendants were aware of Plaintiffs' mark for one of several possible reasons: either they were contacted by counsel and asked to cease and desist; or they were contacted by Plaintiffs' manager; or they were generally aware of the disputes over the name LOS CAMINANTES.

67.     15 U.S.C. Section 1117(c) provides that, because of the Counterfeit Defendants' willful counterfeiting, Plaintiffs are to elect statutory or actual damages. Statutory damages should be assessed in an amount of not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.  If the Court finds the counterfieiting to be willful, Plaintiffs shall be entitled to damages of not more than $2,000,000 per counterfeit mark per type of goods or services sold.  Plaintiffs are also entitled to attorneys fees.

## SECOND CLAIM FOR RELIEF

### (Infringement of a Registered Mark, 15 U.S.C. § 1114 – Against All Defendants)

68.     Plaintiffs reallege and incorporate into this claim the allegations in Paragraphs 1 – 62, above.

69.     Continuously since at least 1983 Plaintiff Agustin Ramirez has used the mark LOS CAMINANTES to identify his goods and services and to distinguish them from those made and sold by others, by, among other things, prominently displaying the mark LOS CAMINANTES on the recordings, marquees, posters and displays associated therewith. The registration in that mark is now held by the three Plaintiffs.

70.     Defendants have infringed Plaintiffs' mark in interstate commerce by various acts, including playing concerts using the mark LOS CAMINANTES or confusingly similar marks.  Said use of said names and marks by defendant is without permission or authority of plaintiffs and said use by defendants is likely to cause confusion, to cause mistake and to deceive.

71.     Defendants have displayed or authorized the display of counterfeit marks displaying LOS CAMINANTES.

72.     Defendants' heretofore alleged acts of trademark infringement and unfair competition have been committed with the intent to cause confusion, mistake and to deceive.  Defendants all have worked with Plaintiffs or are aware of the famous LOS CAMINANTES name.

73.     For each act made in violation of §1114(a), Plaintiffs are entitled to recover actual damages as well as Defendants' profits from such infringement, including, according to proof, corrective advertising.

74.     Plaintiffs are entitled to treble damages and prejudgment interest under 15 U.S.C. ¶ 1117.

75.     Plaintiffs are informed and believe that the acts of Defendants complained of herein were undertaken willfully and with the intention of causing confusion, mistake or deception and that they are entitled to disgorgement.

### THIRD CLAIM FOR RELIEF

**(Violation of California Bus. & Prof. Code § 17537.12**

**Against All Defendants Residing In California, Including Los Caminantes HN, Casa Lopez, La Sierra Night Club, Casa Tequila Night Club, Leonardo's Huntington Park, Roccapulco, El Centenario V.I.P Night Club and Ticketon Entertainment)**

76.     Plaintiffs reallege and incorporate into this claim the allegations in Paragraphs 1 – 62, above.

77.     This claim is for violation of California Business and Professions Code section 17537.12, which states that no person "shall advertise or conduct a live musical performance or production through the use of a false, deceptive, or misleading affiliation, connection, or association between a performing group and a recording group" unless certain exceptions apply.

75.     The Navarro-led "LOS CAMINANTES HN" is performing group because it seeks to use the name of Plaintiffs' group, which has used the similar name.

76.     LOS CAMINANATES is a "recording group" under the statute because Agustin Ramierz, Sr., Agustin Ramirez, Jr. and Anthony Ramirez have released a commercial sound recording as using LOS CAMINANTES and the members have a legal right under the group name by virtue of use or operation without having abandoned the name or affiliation with the group.

77.     The following venues and broker are aware or should be aware that the performing group does not have a legal right to perform under Los Caminantes: (i) Roccapulco;  (ii) Leonardo's Huntington Park (iii) Casa López Banquet Hall (iv) La

Sierra Night Club; (v) Casa Tequila Night Club; (vi) El Centenario V.I.P. Night Club; and (viii) and Ticketon Entertainment.

78.     Plaintiffs have lost revenue as a result of the unfair business practices of Defendants, with such damage cause by, without limitation, lower prices that can be charged by Plaintiffs and the diminution of value to the LOS CAMINANTES name.

79.     Pursuant to Bus. & Prof. Code § 17537.12 and § 17200, Plaintiffs here are entitled to injunctive relief against further wrongful use of their name within the State of California, and they are entitled to disgorgement of profits and restitution, as provided by law.

## FOURTH CLAIM FOR RELIEF

### (False designation of origin and false advertising Against All Defendants 15 U.S.C. § 1125(a).)

80.     Plaintiffs reallege and incorporate into this claim the allegations in Paragraphs 1 – 62, above.

81.     This claim for relief arises under 15 U.S.C. § 1125(a) and is alleged against all Defendants.

75.     Plaintiffs are the owners of the mark LOS CAMINANTES or are entitled to sole use and ownership of the business, goodwill, trademark and service mark of LOS CAMINANTES.

76.     None of the defendants named herein have any claim or colorable right to utilize the name LOS CAMINANTES without Plaintiffs' permission either in connection with the live performances or sound recordings of LOS CAMINANTES. Two applications using variations on LOS CAMINANTES HN have been rejected by the USPTO for confusion with Plaintiffs' Mark.

77.     Defendants are using Plaintiffs' LOS CAMINANTES mark so as to

cause confusion as to Plaintiffs' association with, affiliation with, or sponsorship of the performance of defendants' musical group. Defendants' actions have led to instances of actual confusion by promoters and consumers, including the use of the LOS CAMINANTES name in advertising and the use by some Defendants of the image and voice of plaintiff Agustin Ramirez in such advertising.

78.     Defendants' actions constitute unfair competition, trademark infringement, false designation of origin and false advertising, all in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

79.     Further, Defendant Los Caminantes HN has released re-recorded music under the name Los Caminantes HN, which his written in a script appearing similar to Plaintiffs' Mark.

80.     The actions of Defendants, as alleged herein, have caused damage to Plaintiff's reputation and mark.

81.     The actions of Defendants and each of them as herein alleged were and are intended to cause confusion, have caused confusion, and will continue to cause confusion unless enjoined.

82.     For each act made in violation of §1125(a) and related to live performances, Plaintiffs are entitled to recover actual damages as well as Defendants' profits from such infringement.  Such damages include the loss of gross revenues for shows that Plaintiffs should have played, and diminished revenues of $3,000 - $5,000 per show that Plaintiffs did play, per Plaintiffs' manager Hector Arambula.

83.     Plaintiffs have also engaged in corrective advertising and are entitled to damages for corrective advertising.

84.     Plaintiffs are entitled to treble damages and prejudgment interest under 15 U.S.C. ¶ 1117.

85.     Plaintiffs are informed and believe that the acts of Defendants

1  complained of herein were undertaken willfully and with the intention of causing

2  confusion, mistake or deception.

3        86.     Monetary relief alone is not adequate to address fully the irreparable

4  injury that defendants' illegal actions have caused and will continue to cause

5  Plaintiffs if defendants' actions are not enjoined. Plaintiffs therefore are also entitled

6  to preliminary and permanent injunctive relief to stop the ongoing acts of unfair

7  competition and other violations by Defendants and anyone acting in concert with

8  them.

9                           **FIFTH CLAIM FOR RELIEF**

10             **(Trademark Dilution – Against all Defendants)**

11        87.     Plaintiffs reallege and incorporate into this claim the allegations in

12  Paragraphs 1 – 62, above.

13        88.     This claim for relief arises under section 43(c) of the Lanham Act, 15

14  U.S.C. § 1125(c) and is alleged against all Defendants.

15        89.     Plaintiffs are the owner of the mark LOS CAMINANTES  or are

16  entitled to sole use and ownership of the business, goodwill, trademark and service

17  mark of LOS CAMINANTES.

18        90.     The trade name and mark LOS CAMINANTES has become famous

19  throughout the United States, through use in the advertising of the musical group's

20  services, through airplay, record sales, appearances of the musical group on

21  broadcast television in Mexico, the United States and Central America newspaper

22  and magazine articles concerning the group, and through public appearances at

23  dances and events. Indeed, in a recent fraudulent scheme to steal millions of dollars

24  in streaming revenue (as uncovered by the U.S. Attorney in Arizona) Los

25  Caminantes was found to be one of the most played Latin bands in the action.

26  Accordingly, it is entitled to protection under § 1125(c).

27        91.     Defendants' unauthorized use of Plaintiff's trade name and mark does

28

and will dilute the distinctive quality of the trade name and mark and will diminish and destroy the public association of the trade name and mark with Plaintiffs and Plaintiffs' group "Los Caminantes."

92.     In engaging in the actions complained of above, Defendants and each of them willfully intended and intend to trade on the reputation of Plaintiff's musical group.

93.     In engaging in the actions complained of above, defendants and each of them have willfully intended to cause dilution of the famous trade name and mark belonging to Plaintiffs.  Plaintiffs' revenue has decreased by $3,000 to $5,000 per concert following Defendants' actions.

94.     For each act violating Plaintiffs' rights, Plaintiffs are entitled to recover actual damages as well as Defendants' profits from such infringement.

95.     Plaintiffs are entitled to treble damages and prejudgment interest under 15 U.S.C. ¶ 1117.

96.     Plaintiffs are informed and believe that the acts of Defendants complained of herein were undertaken willfully and intentionally by Defendants.

97.     Monetary relief alone is not adequate to address fully the irreparable injury that Defendants' illegal actions have caused and will continue to cause Plaintiffs if Defendants' acts are not enjoined. Plaintiffs are therefore also entitled to preliminary and permanent injunctive relief to stop Defendants' ongoing violations as well as those of anyone acting in concert with them.

## SIXTH CLAIM FOR RELIEF

### (Interference with Prospective Business Advantage  -- Against All Defendants)

98.     Plaintiffs reallege and incorporate into this claim the allegations in Paragraphs 1 – 62, above.

80.     This claim for relief arises under the common law of the State of California and is alleged against all defendants.

81.     Defendants and each of them, through their actions, have interfered with the prospective business advantage of Plaintiffs by interfering with the right of Plaintiffs to exploit and benefit commercially from the trade name and mark of Plaintiffs and Plaintiffs' musical group and the goodwill of the business of Plaintiffs' musical group.

82.     Plaintiffs have been damaged by the tortious interference by defendants and each of them with Plaintiffs' economic relations in an amount to be alleged by amendment to this Complaint.

83.     The aforementioned acts of Defendants were and are willful, oppressive and malicious. Plaintiffs therefore should be awarded punitive damages in an amount to be alleged by amendment to this Complaint.

## SEVENTH CLAIM FOR RELIEF
## (CAL. BUS. & PROF. CODE § 17200)

99.      Plaintiffs reallege and incorporate into this claim the allegations in Paragraphs 1 – 62, above.

84.     This claim for relief arises under the laws of the State of California and is alleged against all defendants.

85.     Business and Professions Code section 17200 et seq. (the Unfair Competition Law or UCL") prohibits any lawful, unfair or fraudulent business act or practice, any unfair deceptive, untrue or misleading advertising, and any violation of Business and Professions Code section 17500 et seq.

86.     Defendants violated the UCL by engaging in unlawful, unfair, and fraudulent business acts or practices, including by not limited to: (a) knowingly and intentionally inducing the public to believe that LOS CAMINANTES were playing

at their live performances; and (b) by making or disseminating false, misleading or deceptive statements to the public indicating that Defendants have the right to perform using the LOS CAMINANTES trademark.

**EIGHTH CLAIM FOR RELIEF**

**(Common Law Appropriate of Name or Likeness against Silverado Nightclub, Caballeros de Colon, El Patron, Midnite Rodeo, and Songkick)**

100.    Plaintiffs reallege and incorporate into this claim the allegations in Paragraphs 1 – 62, above.

87.    Defendants Silverado Nightclub, Midnight Rodeo, El Patron, Caballeros De Colon and Songkick (the "Publicity Defendants") used Agustin Ramirez, Sr.'s photograph or voice in promoting concerts.

88.    Agustin Ramirez, Sr. did not consent to that use.

89.    The Publicity Defendants gained a commercial benefit from that use.

90.    Agustin Ramirez, Sr. was harmed because the use caused his likeness and voice were associated with an inferior band, and because Defendants are able to charge less to see their knock-off bands.

91.    Defendants' conduct was a substantial factor in causing that harm.

92.    Plaintiff Ramirez, Sr. is entitled to damages for loss to his reputation and lowered pricing caused by the association of his name with an inferior group.

93.    Defendants acts in this Eighth Claim were committed with oppression, fraud or malice.

94.    As a result of these Defendants' wrongful acts, Plaintiff is entitled to compensatory damages as well as punitive damages.

## NINTH CLAIM FOR RELIEF

### (Violation of Cal. Civ. Code section 3344 against Silverado Nightclub, Caballeros De Colon, El Patron, Midnite Rodeo and Songkick)

101.    Plaintiffs reallege and incorporate into this claim the allegations in Paragraphs 1 – 62, above.

95.    The Publicity Defendants have knowingly appropriated Plaintiffs' images or music to advertise or sell live performances for other bands.

96.    Plaintiffs did not consent to these uses.

97.    These uses did not occur in connection with a news, public affairs or sports broadcast or account with a political campaign.

98.    The wrongful uses were directly connected to Defendants' commercial purpose.

99.    The wrongful acts complained of in this Ninth Claim were undertaken with oppression, fraud or malice.

100.    As a result of these uses by the Defendants in this Ninth Claim, Plaintiffs are entitled to statutory damages or actual damages, as well as profits from the unauthorized use.  Plaintiffs are also entitled to punitive damages and attorneys' fees, all under Cal. Civ. Code § 3344.

## TENTH CLAIM FOR RELIEF

### (Contributory Trademark Infringement – Against All Defendants except Los Caminantes H.N.)

82.    Plaintiffs reallege and incorporate into this claim the allegations in Paragraphs 1 – 62, above.

83.    This claim for relief arises under 15 U.S.C. § 1125(a) and is alleged against all Defendants.

102.    Plaintiffs are the owners of the mark LOS CAMINANTES or are entitled to sole use and ownership of the business, goodwill, trademark and service

1  mark of LOS CAMINANTES.

2  103.      None of the defendants named herein have any claim or colorable right

3  to utilize the name LOS CAMINANTES without Plaintiffs' permission either in

4  connection with the live performances or sound recordings of LOS CAMINANTES.

5  Two applications using variations on LOS CAMINANTES HN have been rejected

6  by the USPTO for confusion with Plaintiffs' Mark.

7  104.      Defendants are using Plaintiffs' LOS CAMINANTES mark so as to

8  cause confusion as to Plaintiffs' association with, affiliation with, or sponsorship of

9  the performance of defendants' musical group. Defendants' actions have led to

10  instances of actual confusion by promoters and consumers, including the use of the

11  LOS CAMINANTES name in advertising and the use by some Defendants of the

12  image and voice of plaintiff Agustin Ramirez in such advertising.

13  105.      Defendants' actions constitute unfair competition, trademark

14  infringement, false designation of origin and false advertising, all in violation of

15  section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

16  106.      Defendants knew or should have known that the marks were infringing

17  107.      Defendants had direct control and monitoring of the venues, marquees

18  advertising and web pages used to promote the infringing services.

19  108.      For each act of contributory infringement, Plaintiffs are entitled to

20  recover actual damages as well as Defendants' profits from such infringement.

21  Such damages include the loss of gross revenues for shows that Plaintiffs should

22  have played, and diminished revenues of $3,000 - $5,000 per show that Plaintiffs

23  did play, per Plaintiffs' manager Hector Arambula.

24  109.      Plaintiffs have also engaged in corrective advertising and are entitled

25  to damages for corrective advertising.

26  110.      Plaintiffs are entitled to treble damages and prejudgment interest under

27  15 U.S.C. ¶ 1117.

28

111.     Monetary relief alone is not adequate to address fully the irreparable injury that defendants' illegal actions have caused and will continue to cause Plaintiffs if defendants' actions are not enjoined. Plaintiffs therefore are also entitled to preliminary and permanent injunctive relief to stop the ongoing acts of unfair competition and other violations by Defendants and anyone acting in concert with them.

112.     The nature of the Advertising Defendants' actions is exceptional and entitles Plaintiffs to attorneys' fees.

### **Prayer for Relief**

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     An order declaring that Defendants have no rights to use the LOS CAMINANTES mark;

2.     For an order permanently and preliminarily enjoining the Defendants, their officers, agents, employees, and those acting in concert or conspiracy with them from:

a.     Directly or indirectly using, printing, distributing, selling, offering for sale, possessing, advertising, performing under, promoting or displaying in any way the LOS CAMINANTES mark or any simulation, reproduction, copy or colorable imitation of the LOS CAMINANTES mark;

b.     Making any unauthorized use of the LOS CAMINANTES mark in such a way as to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendants as to the origin, sponsorship or approval of Plaintiffs' products or services;

c.     Otherwise infringing Plaintiffs' rights in and to the LOS CAMINANTES mark; and

d.     Utilizing or displaying the image, likeness or voice of Plaintiffs;

3.      For an order restraining Defendants' further dilution of the LOS CAMINANTES Mark;

4.      For a finding that the Defendants' acts were undertaken, intentionally, maliciously and/or with a reckless and wanton disregard of the Plaintiffs' common law trademark rights and rights of publicity and for an award of exemplary damages pursuant to California Civil Code section 3294 in an amount sufficient to punish, deter, and make an example of Defendants for the acts complained of herein;

5.      For an award of damages based upon Plaintiffs' lost profits, disgorgement of Defendants' profits, and the costs of corrective advertising, as well as injury to Plaintiffs' personality and reputation;

6.      For any enhanced damages pursuant to 15 U.S.C. § 1117.

7.      For an award of costs, fees and expenses incurred in this action.

8.      That Plaintiffs be awarded such further legal and equitable relief as the Court deems proper.

KARISH & BJORGUM, PC

Dated:  June 8, 2021

By:   _/A. Eric Bjorgum_____
A. Eric Bjorgum
Attorneys for Plaintiffs Agustin
Ramirez, Anthony Ramirez and Agustin
Ramirez, Jr.

## **REQUEST FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiffs hereby request a trial by jury of all issues raised by the Complaint which are properly triable to a jury.

Dated: June 8, 2022                     KARISH & BJORGUM, PC

By: _A. Eric Bjorgum_

A. Eric Bjorgum
Attorneys for Plaintiffs Agustin Ramirez,
Anthony Ramirez and Agustin Ramirez, Jr.

COMPLAINT